## CIRCUIT COURT OF ARLINGTON COUNTY

Sidney B. Cleal et al.

v.

William L. Lukhard et al.

February 27, 1976

Case No. (Chancery) 25331

By JUDGE CHARLES H. DUFF

This appeal from a decision of the Commissioner of Public Welfare denying Petitioners' application for renewal of their Family Day Care Home license presents for decision two basic questions, viz., (1) the standard for review to be applied by the Court and (2) whether the evidence taken supports the Commissioner's action when viewed in the light of such standard.

As to the first issue, the parties heretofore entered into a consent order providing that the Commissioner's decision was presumed to be correct and that the burden of proof was upon the Petitioners to prove that such decision was without substantial evidence to support it, was unreasonable, arbitrary, capricious or an abuse of discretion. Such order constituted a proper enunciation of a court's function in reviewing an administrative agency's decision in Virginia. As stated in 2 Am. Jur. 2d 599, *Administrative Law*:

> The fact that a court is authorized to and does take additional evidence has been held not necessarily to authorize it to make an independent determination of facts, put itself in the position of the agency whose decision is under review, or substitute its own discretion

for that of the agency; and it has been said in some cases that the court is not authorized to hear evidence for the purpose of trying the case de novo but only for the purpose of determining whether the agency acted within the scope of its jurisdiction, legally, or upon sufficient evidence.

The standard of review is further stated in 1A *Michie's Jurisprudence*, Sec. 18, as follows:

Judicial review of the decision and findings of an administrative body does not involve redetermination of the administrative questions passed on by the agency . . . . In short, discretionary administrative action is not subject to judicial review unless it violates some constitutional or statutory provision, is in excess of the agency's jurisdiction, involves a misconstruction or other error of law, is taken in proceedings that are irregular, is arbitrary, capricious, or unreasonable, involves an abuse of discretion, or is based on findings that are not supported by the evidence and thus is clearly wrong.

Thus it appears clearly to be the Court's duty to determine whether the Petitioners have shown that the Commissioner's decision was without credible or substantial evidence to support it. I cannot weigh the evidence, *per se*, to determine where the preponderance lies nor may I substitute my personal judgment for that of the Commissioner even though I may have reached a different conclusion than the Commissioner in a trial de novo. The test is does the record contain substantial evidence to support the denial of the permit renewal?

Turning to the second issue, the final decision was based on the inspection of September 9, 1974, by Mrs. Anderson (now Mrs. Alston) and that of September 18, 1974, by Mr. Howard from the Arlington County Health Department. Mrs. Anderson's report, and indeed her testimony, exhibited concern regarding the presence of the dogs and the cleanliness of the facility, even though she in-

dicated she initially felt the Petitioners to be technically
in compliance with the Department's minimal standards. Be-
cause of her concern she sought another opinion from the
Health Department.

Mr. Howard reported the presence of nine dogs on
the premises, six inside the house and three outside;
he stated there were strong odors from the dogs and evidence
of soiling on the floors. In Joint Exhibit 4 (Mrs. Ander-
son's documentary notes), Mr. Howard allegedly reported
to Mrs. Anderson that in his presence one of the dogs
urinated on the wall in the hallway. His conclusion was
that "the number of dogs and the situation caused by them
is not conducive to a healthy environment for children."

Mrs. Veda Brann, Environmental Inspector for Arlington
County, subsequently inspected the outside of the premises
and confirmed the presence of the nine dogs. There was
evidence, although not conclusive, that Petitioners had
firmly indicated to Mrs. Anderson that they considered
the dogs to be part of the family; that they created no
hazard or problem and that Petitioners would not agree
on removing the dogs from the property.

Based on this record, the recommendation of Mrs. Ander-
son that the permit renewal be denied was accepted by
the Department of Welfare, and the denial was formally
made by letter of December 23, 1974 (Joint Exhibit 6).

Petitioners' evidence, in short paraphrase, was
to the effect that they had been licensed for seven years;
that there were indeed nine dogs on the premises but
only four had access to the area utilized by the children;
that the dogs were well trained and actually aided in
the protection of the children. It was also shown that
no parent had removed a child from the home because of
the dogs and there was substantial evidence that the
home was clean and the children were well cared for.

Assuming, but not deciding, that a fair preponderance
of the evidence shows the dogs did not create a health
hazard, the issue still remains whether the Commissioner's
judgment was arbitrary on the one hand or was based on
credible, substantial evidence on the other. I feel bound,
by the standard of review mentioned above, to find that
there was credible and substantial evidence in support
of the denial of the permit renewal. To hold otherwise
would simply be the substitution of my judgment for that

of Mrs. Anderson and Mr. Howard, which I am not permitted to do under the law.

Accordingly, the action of the Commissioner is sustained.